IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LaMARR EUGENE BLACK, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1351-F |
| | ) |
| KEVIN WOODARD, LOGAN COUNTY | ) |
| JAIL, and JESSIE RITCHIE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff LaMarr Black is a state prisoner who alleges constitutional violations at the Logan County Jail. According to Mr. Black, he has encountered unsanitary food preparation, inadequate nutrition, lack of proper medical care, and denial of court access. Civil Rights Complaint Pursuant to 42 U.S.C. §1983, *passim* (Dec. 15, 2008) ("Complaint"). The Defendants move for dismissal, relying in part on a failure to exhaust available administrative remedies. Defendants' Motion and Brief to Dismiss (Mar. 13, 2009) ("Defendants' Motion to Dismiss"). The Court should grant the motion to dismiss on this ground.[1]

I.   EXHAUSTION REQUIREMENT

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

---

[1] The Defendants also request dismissal on other grounds. Defendants' Motion to Dismiss at pp. 1-9. The Court need not address these arguments in light of the suggested ruling. *See infra* p. 3.

prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the United States Supreme Court held that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones* suggests that "district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). These circumstances exist in the present action, as the complaint reflects a failure to exhaust available administrative remedies.

The Logan County Jail has created an administrative process. *See* Special Report, Exhibits 20 & 21 (Mar. 13, 2009).[2] The inmate can begin by speaking with a staff member. *See id.,* Exhibit 21 at p. 14. If this attempt is unsuccessful, the inmate can file a request to staff. *See id.* If the inmate is not satisfied with the response to the request to staff, he may file a grievance within fifteen days of the incident. *See id.*, Exhibit 20 at p. 227; Exhibit 21 at p. 15. If the inmate remains dissatisfied, he may file an appeal with the Sheriff. *Id.*, Exhibit 20 at p. 228.

---

[2] The Court may consider the administrative procedure as set forth in the special report. *See Hall v. Bellmon*, 935 F.2d 1106, 1112-13 (10th Cir. 1991).

II.     DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Dismissal is necessary because Mr. Black failed to utilize the administrative process for his present claims.[3]

In the complaint, the Plaintiff stated that he had not sought administrative relief for any of his claims. Complaint at p. 5. The Defendants rely on Mr. Black's admission. Defendants' Motion to Dismiss at p. 8. In his response, Mr. Black does not dispute the Defendants' argument involving a failure to exhaust an available administrative remedy. *See* Responding to Motion to Dismiss (Mar. 25, 2009). As noted above, an administrative remedy was available to the Plaintiff. *See supra* pp. 2-3 & note 3.

Due to Mr. Black's failure to exhaust administrative remedies, the Court should dismiss the complaint. However, the dismissal should be without prejudice to refiling. *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1138 (10th Cir. 2005).

---

[3] The Defendants point out that Mr. Black had been released from the Logan County Jail during the pendency of this action. Nonetheless, the Plaintiff had to exhaust administrative remedies because he had filed the lawsuit while he was incarcerated. *See Norton v. City of Marietta*, 432 F.3d 1145, 1150-51 (10th Cir. 2005) ("it is the plaintiff's status at the time he files suit that determines whether §1997e(a)'s exhaustion provision applies").

III.    NOTICE OF THE RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by May 18, 2009. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[4]

IV.    STATUS OF THE REFERRAL

The referral is terminated.

Entered this 28th day of April, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[4]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").